UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>Tina M. Cross,<br>             Debtor. | Chapter 7<br>Case No. 13−32933−bhl |

**DECISION AND ORDER DENYING DEBTOR'S MOTION FOR CONTEMPT**

On October 10, 2017, Tina Cross filed correspondence complaining that Moraine Park Technical College (MPTC) violated the discharge injunction by collecting on a debt that she contends was discharged in her 2013 bankruptcy case. In response, MPTC admits that it has pursued collection efforts against Cross, but argues that it did not violate the discharge injunction because the debt at issue is for student loans and grants and, therefore, was excepted from discharge under 11 U.S.C. §523(a)(8). For the reasons stated below, the court concludes that Cross's debts were educational benefit overpayments within the meaning of section 523(a)(8) and, thus, MPTC did not violate the discharge injunction in its efforts to collect on the debt.

## FACTUAL BACKGROUND AND FINDINGS

Cross is a former MPTC student who received federal financial aid to help fund the cost of her education. For the second semester of the 2011-2012 year, she received funding in the form of federal Pell Grants and federal direct subsidized and unsubsidized loans. (MPTC Ex. 102).

Pell Grants are "gift aid" that a student does not have to repay, *unless the student withdraws or fails to attend classes*. The amount of a federal Pell Grant to which a student is entitled is reduced in proportion to the amount of the semester that a student completes. *See* 34 C.F.R. §668.22. Federal direct loans are loans and must be repaid by the student. A student's eligibility for federal direct loan funds depends on the student "earning" the aid by completing a certain period of enrollment. 34 C.F.R. §§685.200, 668.22.

Before disbursing funds to Cross for the Pell Grant funds and direct student loans, MPTC required Cross to sign documents setting forth the terms by which she was receiving the funds. With respect to Pell Grant funds, MPTC required Cross to sign an agreement confirming that she

would receive the funding, but only for as long as she attended courses. (MPTC Ex. 101). For the direct loans, MPTC required Cross to sign a Master Promissory Note (MPN) that, among other things set forth repayment terms.

During the semester, Cross stopped attending MPTC and, as a result, lost eligibility for some of the financial aid that MPTC had already disbursed to her. Federal Regulations provide that when a student who received assistance under the federal Pell Grant program and/or direct loan program withdraws from school, the institution must calculate the portion of funds that the student has not earned. 34 C.F.R. §668.22(a)(1), (3). The school must return the unearned funds to the U.S. Department of Education. 34 C.F.R. §668.22(g).

On January 30, 2012, MPTC refunded to the federal government $5,835 in grant and loan overpayments that MPTC had previously disbursed to Cross, but for which she was no longer eligible. (MPTC Ex. 102). MPTC then sent Cross a letter informing her that she was required to repay the returned funds. (MPTC Ex. 103).

The following year, on September 30, 2013, Cross filed a petition for relief under chapter 7. Cross listed National Recoveries, Inc. of Minnesota as a creditor on her Schedule F, (Doc. #13, p. 15), and that entity received notice of her bankruptcy, (Doc. #9, p. 1).[1] On January 7, 2014, Cross received a discharge. (Doc. #15). Cross did not initiate any adversary proceedings during her chapter 7 case to obtain a ruling on the dischargeability of her debt to MPTC.

Nearly four years after receiving her discharge, on October 10, 2017, Cross filed correspondence with the court, complaining that MPTC, through the Wisconsin Department of Revenue, was garnishing her wages. She asserted that her debt to MPTC had been discharged and asked the court to enjoin MPTC from garnishing her wages. At a November 8, 2017 hearing on the correspondence, MPTC argued that its collection efforts were proper because the underlying debt was excepted from Cross's discharge under 11 U.S.C. §523(a)(8).

The court held an evidentiary hearing on February 7, 2018. The parties submitted exhibits and offered testimony from Cross and two MPTC representatives. At the conclusion of the evidence, the court took the matter under advisement.

---

[1] Cross maintains that notice to National Recoveries, Inc. of Minnesota was notice to MPTC. (Doc. #20).

## LEGAL ANALYSIS AND CONCLUSIONS

Section 524(a)(2) provides that a discharge in a bankruptcy case operates as an injunction against an act to collect a discharged debt as a personal liability of the debtor. 11 U.S.C. §542(a)(2); *In re Kuehn*, 563 F.3d 289, 291 (7th Cir. 2009). Not all debts are discharged, however. A chapter 7 discharge releases the debtor from liability on all debts that arose before the date of the order for relief "except as provided in section 523." 11 U.S.C. §727(b). Section 523(a)(8) excepts from discharge certain debts arising from educational loans and grants. If Cross's debt to MPTC falls within section 523(a)(8), it was not discharged and MPTC would not have violated the discharge injunction.

Under section 523(a)(8)(A), an individual debtor is not discharged from a debt for "(i) an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship or stipend," unless excepting such debt from discharge would impose undue hardship on the debtor. 11 U.S.C. §523(a)(8)(A); *In re Sokolik*, 635 F.3d 261, 265-66 (7th Cir. 2011). MPTC bears the burden of proving by a preponderance of the evidence that the debt owed by Cross is of the type excepted from discharge under section 523(a)(8). *In re Baiocchi*, 389 B.R. 828, 829 (Bankr. E.D. Wis. 2008).[2]

Cross's debts to MPTC are for the repayment of funds received as educational benefits under section 523(a)(8)(A). Cross admitted that she received Pell Grant and direct loan funds from MPTC. MPTC applied the funds to the cost of Cross's MPTC attendance and disbursed the excess funds to Cross. Shortly after Cross received these excess funds, she stopped attending MPTC and became ineligible for some of the funds she received. In accordance with federal regulations and its financial aid policies, MPTC returned the amount of funds Cross did not earn to the U.S. Department of Education on her behalf, and Cross remains liable to MPTC for those funds.

Accordingly, this debt was an "an obligation to repay funds received as an educational benefit,

---

[2] If MPTC meets its burden in proving that the debt is not dischargeable, the debt is discharged only if the debtor establishes that repayment of the debt would constitute an undue hardship. *Id*. Cross has not claimed undue hardship, and thus the only issue is whether her obligation to MPTC falls within §523(a)(8).

scholarship or stipend," under section 523(a)(8). There was an overpayment of Pell Grant and direct loans to the debtor, which overpayment MPTC returned to the U.S. Department of Education for the benefit of the Debtor. Cross is obligated to repay the funds, which she initially received to finance her education at MPTC. The court concludes that MPTC has sustained its burden in establishing that the debt comes within the purview of section 528(a)(8)(A). The debt that is the subject of the motion for violation of the discharge injunction is excepted from the discharge pursuant to section 523(a)(8). Because the debt was excepted from Cross' discharge, MPTC did not violate the injunction of section 524(a)(2) when it attempted to collect the debt.[3]

## ORDER

IT IS THEREFORE ORDERED that the debtor's motion for contempt for violation of the discharge injunction is denied.

DATED: March 22, 2018

BY THE COURT:

Brett H. Ludwig
United States Bankruptcy Judge

---

[3] At the hearing, Cross expressed concern that the amount MPTC is trying to collect may also be the subject of collection efforts of a student loan servicer, Great Lakes Educational Loan Services, Inc. Cross understandably does not want to pay the same debts twice. While this concern is unrelated to the discharge injunction, the court notes that to the extent Cross repays the debt to MPTC, she should no longer be liable on the debt and would have a state law defense to further collection efforts seeking to recover on a debt already repaid.